## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| RAM INTERNATIONAL I, L.L.C. a Washington Limited Liability Company, and SCHAUMBURG 95, L.L.C., a Washington Limited Liability Company <br><br> Plaintiffs, <br><br> v. <br><br> THE STADIUM LLC, an Illinois Limited Liability Company and SALI ZECIRI, an individual, <br><br> Defendants. | Case No. <br> Hon. Judge <br> Hon. Magistrate Judge |

### VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Plaintiffs, RAM INTERNATIONAL I, L.L.C., a Washington Limited Liability Company and SCHAUMBURG 95, L.L.C., a Washington Limited Liability Company, by their attorneys, complain of THE STADIUM LLC, an Illinois Limited Liability Company ("Stadium"), and SALI ZECIRI ("Zeciri"), an individual residing in the State of Illinois, as follows:

### Nature of the Case

1.      This case is based on trademark infringement and unfair competition of and against a valid and existing federally and Illinois registered service mark "RAM RESTAURANT and BREWERY" (Federal Registration No. 2906626 and Illinois Trademark Registration No. 086080, Complaint Exhibits 1 and 2 respectively, attached and incorporated by this reference). Through a predecessor, the word 'RAM' was first used in a restaurant business associated with plaintiff that opened on February 26, 1971. The marks at issue in this action were first used in interstate commerce in or about September 1995. The marks were first used in Illinois in September 1998 and have been further developed, promoted and continuously used since that date. Stadium, a

business entity formed in 2015 has named a restaurant soon to be opened in Aurora, IL "WILD RAM PUB & GRILL." Stadium has established a website at the address www.wildramgrillpub.com. The name and website have already caused confusion for Ram's customers.

### The Parties

2.     Plaintiff, Ram International I, L.L.C., ("Ram"), is a limited liability company organized and existing under the laws of the State of Washington, with its principal place of business in Lakewood, Washington. Ram, through its affiliates, plaintiff Schaumburg 95, L.L.C. ("Schaumburg 95"),  and Wheeling 101, L.L.C., and Rosemont 110, L.L.C.  operates three full service restaurants under the name "RAM Restaurant & Brewery®" in the State of Illinois  in this district.

3.     Schaumburg 95 L.L.C. is a Washington limited liability company with its principal place of business in Lakewood, Washington.  Schaumburg 95 operates one full service restaurant under the name "RAM Restaurant & Brewery®" in the State of Illinois in this district.

4.     Ram, through Schaumburg 95, Wheeling 101, L.L.C., and Rosemont 110, L.L.C. for more than 15 years, 13 years and 12 years, respectively, has conducted business under the name "RAM Restaurant & Brewery®" and other RAM restaurant marks in the State of Illinois and in this district.

5.     The defendant, The Stadium LLC, ("Stadium") was organized on March 6, 2015 as an Illinois limited liability company. Stadium does business in Illinois, in this district. The location for its "WILD RAM GRILL & PUB" restaurant is 1555 Butterfield Road, Aurora, IL 60502.

6.      The defendant, Sali Zeciri ("Zeciri") is the sole member and registered agent of Stadium. On information and belief, Zeciri is the sole interest holder of Stadium.  Zeciri resides in the Northern District of Illinois.

## Jurisdiction and Venue

7.      The Court has jurisdiction under 15 U.S.C. §1121 and 28 USC §1331 and §1338(a) since this action is based on the Federal Trademark Law (the "Lanham Act"), 15 U.S.C. §s 1051, et. seq.

8.      The Court has jurisdiction over the unfair competition claims under 28 U.S.C. § 1338(b). This Court has supplemental jurisdiction over plaintiffs' pendent state law claims pursuant to 28 U.S.C. §1367 in that the state law claims are integrally interrelated with plaintiffs' federal claims and arise from a common nucleus of operative facts such that the administration of plaintiffs' state law claims with its federal claims furthers the interest of judicial economy.

8.      Pursuant to 28 U.S.C. §1391, venue exists in this district because Stadium is doing business in this district, has its principal place of business in this district, and has infringed Ram's federally registered service mark in this district, by adopting a name that incorporates the word "RAM " without Ram's approval. Venue is also proper in this district because Stadium and Zeciri are residents of this district.

## Allegations Common to All Counts

### Ram's Development of the Market

9.      Ram is a restaurant enterprise with 21 restaurants in five states under the name and service mark RAM Restaurant & Brewery® and other RAM restaurant marks.

10.      Ram, through its affiliates, Schaumburg 95, Wheeling 101, L.L.C., and Rosemont 110, L.L.C has 3 restaurants in the Chicagoland area, that use the name, federal and state registered

service mark RAM Restaurant & Brewery®, and other RAM restaurant marks, located in Schaumburg, Rosemont and Wheeling.

11.     RAM Restaurant & Brewery® restaurants offer signature food items, as well as a large general American casual dining menu for lunch and dinner and into the late night hours; craft beers, some of which plaintiffs brew and provide a sports bar atmosphere, with large screen televisions in various parts of the restaurant. Stadium advertises many craft beers, that it is a sports bar with wide screen TVs' and that it offers traditional American fare. Additionally, plaintiffs' hours are 11:00 a.m. until closing in its Wheeling and Rosemont locations, and 11:00 am to Midnight Sunday and Monday, 11:00 AM - 1:00 am Tuesday – Thursday, and 11:00 am – 2:00 am, Friday and Saturday in its Schaumburg location. Stadium states on its website at http://wildramgrillpub.com/about/ that its hours are Sunday - Thursday 11:00 AM - 1:00 AM., and Friday and Saturday 11:00 AM. - 2:00 AM.

12.     Ram has advertised widely in the local market in which the three restaurants are located and spends approximately $30,000 per annum and $530,000 nationally.

### Stadium's Trademark Infringement and Unfair Competition

13.     Stadium has built out a commercial space for a restaurant in one of the suites located at 1555 Butterfield Road in Aurora, Illinois. The name of the restaurant shown on the sign is "WILD RAM GRILL & PUB." The restaurant will serve very similar types of food and drink, including alcoholic beverages, served by RAM Restaurant and Brewery®. The restaurant will stay open similar hours.

14.     RAM Restaurant and Brewery® has been operating in Illinois since 1998. There currently are three RAM Restaurant and Brewery® restaurants in the Chicago suburbs.

15.     After the first RAM Restaurant and Brewery® restaurant opened in Illinois in 1998, there has been a continuous presence in the Chicagoland area.

16.     Schaumburg 95, on behalf of its business, RAM Restaurant and Brewery® applied for and received an Illinois service mark registration, (Complaint, Exhibit 2) on September 20, 2000.

17.     In Schaumburg 95's registration, it states that its first use anywhere was September 15, 1995, thereby establishing common law rights to the service mark RAM Restaurant and Brewery®.

18.     Ram, on behalf of its business, RAM Restaurant and Brewery® applied for and received a federal service mark registration, (Complaint, Exhibit 1), on November 30, 2004. In its registration, it states that first use in interstate commerce was September 30, 2000.

19.     Schaumburg 95 and Ram have continuously renewed their registrations and filed all required affidavits. Since initially being issued their registrations, the combination of RAM Restaurant and Brewery® and Ram Restaurant and Brewhouse chain has grown to 21 restaurants in five states, including two (2) RAM Restaurant and Brewery® restaurants and one (1) RAM Restaurant and Brewhouse in the northwest Chicago suburbs and at least two more in the neighboring state of Indiana.

20.     The RAM Restaurant and Brewery® restaurant has been well established in the Chicago suburbs, for more than fifteen years. In 2015, as shown on its website page, found at http://www.theram.com/locations/il-schaumburg/, the Schaumburg location was the winner of the Open Table, Diner's Choice.

21.     In or around the late spring of 2015, one or more RAM Restaurant and Brewery® locations began to receive calls from customers stating that they did not know there would be another RAM Restaurant and Brewery® in Aurora.

22.     Ram investigated these assertions and learned that a restaurant was being built and would be opened under the name "WILD RAM GRILL & PUB" in Aurora, Illinois. The signage on the building, for the words "WILD RAM" uses almost the same font as the font used in RAM Restaurant & Brewery® for the word "RAM.".

23.     Shortly after learning about the "WILD RAM GRILL & PUB", Ram's General Counsel Timothy L. Bunch ("Bunch") contacted Zeciri. In their conversation, Zeciri told Bunch that the defendants' accountant received approval to use the name "WILD RAM GRILL & PUB."

24.     On or about August 21, 2015, Bunch sent Zeciri a letter informing the owner of "WILD RAM GRILL & PUB" of Ram's rights, and requesting that the owner change the name. (Complaint Exhibit 3, Cease and Desist Letter 1, attached and incorporated by this reference). When Bunch sent his letter, he was unaware that Stadium existed, as it was not listed on the "WILD GRILL & PUB" website. When Bunch hired outside counsel to pursue this matter, Ram learned Stadium had been organized.

25.     In the Cease and Desist Letter 1, Bunch states the following:

a) He is in-house legal counsel for Ram International and its affiliated companies that include Ram Restaurant Company and Big Horn Brewing Company. (Ram has a federally registered service mark for Ram Restaurants Big Horn Breweries, registration No. 2802831, granted on January 6, 2004, with a first use in 2001, which registration has been renewed and all affidavits due have been filed. That registration also includes a graphic showing a ram looking straight ahead).

b) Ram recently learned that the "Wild Ram Grill & Pub" was about to open for business, having noticed the signage at 1555 Butterfield Road, Aurora, IL.

c) Ram has registered both "Ram Restaurant" and "Big Horn" with both the state of Illinois and the United States Patent and Trademark Office; and that Ram has conducted business for approximately 15 years in Illinois.

d) Ram demands that "you immediately cease and desist from use of the name "Ram " and any variation thereof to include obviously, "Wild Ram " in connection with the restaurant and bar business."

e) Ram believes the connection with name "Wild Ram :, and the ram's head "Wild Ram Grill & Pub" is using is "deceptively similar" to Ram Restaurant and Big Horn Brewery and will cause the public to believe that there is "some association" between our two restaurant companies.

f) Ram has "already received a couple of inquiries about our "new" location in Aurora, Il, and more recently our corporate office received a phone call alerting us to the fact that someone was using our name."

g) Continued use will require legal action, and that Ram will "explore the fact" that the use "was willful and deliberate given the circumstances that the Ram name and the mark was known by the "Owner."

h) Ram will allow a time for the defendants to transition to another name, and requests to be contacted by September 15, 2015.

i) If contact is not made, Ram will have no choice but to file a lawsuit, and reiterates that the evidence will show that the 'the defendant' has "willfully and deliberately infringed upon our right to the Ram mark."

26. Bunch was not contacted by September 4, 2015 or at any time after that, to the date of this action.

27. The defendants have continued to get the space ready for opening under the name "WILD RAM GRILL & PUB." The website, at http://wildramgrillpub.com/careers/ listed and continues to list positions for which it was and is hiring.

28. Ram was forced to hire outside counsel to pursue the matter because Bunch received no response, and the "WILD RAM GRILL & PUB" was proceeding toward opening.

29. Outside counsel learned that an Illinois limited liability company had been formed named "The Stadium LLC." Zeciri personally informed outside counsel that his account received permission to use the name from the state.

30. The Defendants' accountant stated on the Stadium's state tax form that the business would be called "WILD RAM GRILL & PUB". At the time Zeciri spoke to outside counsel, Stadium had not received any permission from Illinois to use the name "WILD RAM GRILL & PUB". It was not until sometime after that representation was made to Ram's outside counsel that Stadium adopted an assumed name. This assumed name adoption was made after Zeciri and Stadium had full knowledge of the existence of RAM Restaurant & Brewery® and other RAM restaurant marks.

31. Outside counsel had two conversations with Zeciri. In the second conversation Zeciri remarked that he spoke to a lawyer who told him that he could use the name.

32. Between these two conversations, Zeciri and outside counsel exchanged a few emails.

On September 25, 2015, the second notice to cease and desist was sent by email. (Complaint Exhibit 4, Cease and Desist, Second Notice, attached and incorporated by this reference).

8

33. Outside counsel received no response and was not contacted again by Zeciri, or any attorney representing Zeciri after Exhibit 4 was emailed.

34. On or about October 12, 2015, outside counsel sent another email, informing Zeciri that Ram had approved one last effort to resolve the dispute. The third Notice to cease and desist was attached, and claimed further correspondence would not be forthcoming. (Complaint Exhibit 5, Third Notice, attached here and incorporated by this reference).

35. Exhibit 5 reiterates the ownership of the registrations for the Ram marks. The email attached the Illinois service mark registration for RAM Restaurant & Brewery®. It sets forth depictions of all the marks, including "WILD RAM GRILL & PUB". It mentions that actual confusion has occurred. It makes clear that it is the third and final notice to cease and desist.

36. Exhibit 5 was sent by email to the address outside counsel had corresponded with Zeciri and by Priority U.S. Mail to the address for the managing member, the same address that is given for the registered agent. Exhibit 5 was delivered on October 12, 2015 at 2:13 pm. The delivery was confirmed through the USPS.com tracking system, a copy of the confirmation is attached here as Exhibit 6, and incorporated by this reference.

37. Outside counsel received nothing in response. Neither Zeciri, nor his counsel has made contact since receiving Exhibit 5. Outside counsel made one last effort, and left a detailed message for Zeciri at the telephone number that was previously used to reach Zeciri. No contact has been made since that voicemail message was left in late October 2015.

38. Stadium's WILD RAM GRILL & PUB's use on its website and signage and its intended use for restaurant services has caused confusion in the marketplace, and will cause dilution to Ram's registered marks.

39. Stadium's WILD RAM GRILL & PUB's use on its website and signage and its intended use for restaurant services infringe the rights that both the United States Patent and Trademark Office and the State of Illinois have conferred on Ram, and through Ram to its affiliates.

40. Unless Stadium and Zeciri are enjoined from proceeding with the use of the name WILD RAM GRILL & PUB, further confusion will be caused in the marketplace; Ram will lose sales, customers, market share and will be irreparably damaged.

41. With WILD RAM GRILL & PUB open and operating in the Chicagoland market, Ram's advertising will not be as effective, since WILD RAM GRILL & PUB will benefit from Ram's expenditures, and draw customers away from RAM Restaurant & Brewery® and other RAM restaurant locations.

## COUNT I

## TRADEMARK INFRINGEMENT UNDER 15 USC §1114

42. Ram re-alleges paragraphs 1-41, as this paragraph 42, as if set forth in full, and incorporates paragraphs 1-41 by this reference.

43. Stadium's use on its website of a trade name that includes the word "RAM" has mislead Ram's customer's into believing that Ram was opening a new restaurant in Aurora.

44. Stadium's use on its signage of a trade name that includes the word "RAM" is misleading. It has and will continue to confuse the public.

45. Stadium's use in its business of a trade name that includes the word "RAM" will create a further likelihood of confusion. It will associate the "WILD RAM GRILL & PUB" with RAM Restaurant & Brewery® and other RAM restaurants, where no such association exists.

46. Stadium's use of a trade name that includes the word "RAM" on its website, on its signage and in its business is an unapproved use of the word "RAM" for restaurant and services.

Ram has protected, and continuously used its service mark "RAM Restaurant & Brewery®" for more than seventeen years.

47. Stadium's use of the trade name "WILD RAM GRILL & PUB" that includes the word "RAM " on its website, its signage and in its business so resembles Ram's federally and state registered service mark "RAM Restaurant & Brewery®" as to be likely to cause confusion or mistake or to deceive.

48. Stadium's use of a trade name that includes the word "RAM " on its website, its signage and in its business violates 15 USC § 1114 of the Lanham Act.

49. Ram has built a reputation and goodwill over the many years it has used its federally registered service mark "RAM Restaurant & Brewery®" and other RAM restaurant marks.

50. Stadium's use of the trade name "WILD RAM GRILL & PUB" will cause Ram to lose goodwill.

51. This loss of goodwill cannot be properly calculated and thus constitutes irreparable harm and an injury for which Ram has no adequate remedy at law.

52. Ram will continue to suffer irreparable harm unless this Court enjoins Stadium and Zeciri's conduct.

53. 15 USC § 1116 of the Lanham Act provides for remedies that include injunctive relief, according to the principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right of the registrant of a mark registered in the Patent and Trademark Office or to prevent a violation under subsection (a), (c), or (d) of § 43 [15 USC §1125].

54. As of the date this Verified Complaint has been filed, the "WILD RAM GRILL & PUB" has not opened.

55. Enjoining the opening under the trade name "WILD RAM GRILL & PUB", and ordering the "WILD RAM GRILL & PUB" to remove the word "RAM" from its trade name, will prevent further confusion.

56. Enjoining the opening under the trade name "WILD RAM GRILL & PUB" will prevent dilution to the Ram federally and state registered service mark.

Wherefore, Ram Restaurant International I, L.L.C. prays for judgment in its favor and against The Stadium LLC and Sali Zeciri, and respectfully requests this Court:

(1) to enjoin the opening by The Stadium LLC, Sali Zeciri, or any person or business entity acting for them, in concert with them or related to them, of the "WILD RAM GRILL & PUB", located at 1555 Butterfield Road, Aurora, IL;

(2) to award damages they have sustained since the "WILD RAM GRILL & PUB" has advertised on the Internet about its impending opening as provided by statute;

(3) to award treble damages as provided by statute because the infringement was willful and deliberate;

(4) to award costs, expenses and reasonable attorneys' fees as provided by statute for bringing this action;

(5) to notify this Court and Ram International I, L.L.C. within 30 days of the date of service of compliance with this injunctive relief as set forth in the Court's Order, or such more limited or extended period as the Court may direct, by a report in writing under oath setting forth in detail the manner and form in which The Stadium LLC and Sali Zeciri have complied with the Order by changing the trade name and assumed name to a trade name and assumed name that does not use the word "RAM".

## COUNT II

## TRADEMARK INFRINGEMENT  UNDER 15 USC 1125

57. Ram and Schaumburg 95 re-allege paragraphs 1-41, as this paragraph 57, as if set forth in full, and incorporate paragraphs 1-41 by this reference.

58. Stadium's use of the trade name "WILD RAM GRILL & PUB", which, includes the word "RAM " on its website, on its signage and in its business is the use in commerce of the word "RAM " which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Stadium's "WILD RAM GRILL & PUB" with Ram's RAM Restaurant & Brewery® and other RAM restaurants.

59. Ram has not approved Stadium's use of the trade name "WILD RAM GRILL & PUB", which, includes the word "RAM " on its website, or on its signage and/or in its business.

60. Stadium and Zeciri's actions have already caused confusion.

61. Stadium and Zeciri's unapproved use is a violation of 15 USC §1125.

62. Under 15 USC  §1125 (a) Stadium and Zeciri are liable to plaintiffs for damages, and costs of this action.

63.  Under 15 USC §1125 (a) the Court can award reasonable attorneys' fees.

Wherefore, Ram Restaurant International I, L.L.C. and Schaumburg 95, L.L.C. pray for judgment in their favor and against The Stadium LLC and Sali Zeciri, for:

(1) damages they have sustained since the "WILD RAM GRILL & PUB" has advertised on the Internet about its impending opening as provide by statute;

(2) to award treble damages as provided by statute because the  infringement was willful and deliberate;

(3) to award costs, expenses and reasonable attorneys' fees as provided by statute for bringing this action.

## COUNT III

## ILLINOIS TRADEMARK INFRINGEMENT

64. Ram and Schaumburg 95 re-allege paragraphs 1-41, as this paragraph 64, as if set forth in full, and incorporate paragraphs 1-41 by this reference.

65. Through its affiliate, Schaumburg 95, Ram registered "RAM Restaurant & Brewery" in Illinois in 2000, Registration No. 086080, and has used it continuously in Illinois since that date (the "Illinois Registration") (Exhibit 2).

66. The Illinois Registration was renewed each period, and is currently valid until September 20, 2020.

67. Without Ram or Schaumburg 95's consent, Stadium has used a colorable imitation of Ram Restaurant and Brewery® in connection with the advertising of its "WILD RAM GRILL & PUB" restaurant services on its website, signage and in conducting its business and this use is likely to cause confusion as to whether or not there is an association with Ram and Schaumburg 95.

68. Ram has been notified of actual confusion.

69. Stadium's unauthorized use is a violation of 765 ILCS §1036/60(a) because, without Ram or Schaumburg 95's consent, it has used a colorable imitation of a mark registered under the Illinois Trademark Registration and Protection Act in connection with the advertising of it's restaurant and bar's goods and services, and that use is likely to cause confusion or mistake or to deceive as to the source of origin of such goods or services.

70. Ram and Schaumburg 95 are entitled to the remedies set forth in 765 ILCS §1036/70 that include injunctive relief.

71. The Illinois Trademark Registration and Protection Act also provides for damages, costs and reasonable attorneys' fees.

Wherefore, Ram Restaurant International I, L.L.C. and Schaumburg 95, L.L.C. pray for judgment in their favor and against The Stadium LLC and Sali Zeciri, for:

(1) damages they have sustained since the "WILD RAM GRILL & PUB" has advertised on the Internet about its impending opening as provide by statute;

(2) treble damages as provided by statute because the infringement was willful and deliberate;

(3) costs, expenses and reasonable attorneys' fees as provided by statute for bringing this action.

## COUNT IV

## VIOLATION OF THE ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT

72. Ram and Schaumburg 95 re-allege paragraphs 1-41, as this paragraph 72, as if set forth in full, and incorporate paragraphs 1-41 by this reference.

73. Stadium's use in the course of its business of its trade name "WILD RAM GRILL & PUB" which, includes the word "RAM" for the restaurant business is deceptive and has caused confusion as to the source of restaurant services.

74. Stadium's deceptive trade practice violates the Illinois Deceptive Trade Practices Act (the "IUDTPA").

75. The IUDTPA provides for injunctive relief.

76. Ram and Schaumburg 95 are entitled to injunctive relief to prevent further confusion from occurring.

77. Stadium's use of the word "RAM" in its trade name "WILD RAM GRILL & PUB" for restaurant services is willful and deliberate.

78. Defendants' willful and deliberate act in choosing a trade name that includes the word "RAM " for restaurant services in Northern Illinois, was and remains a deceptive trade practice that entitles Ram and Schaumburg 95 to costs or attorneys' fees or both.

Wherefore, Ram Restaurant International I, L.L.C. and Schaumburg 95, L.L.C. pray for judgment in their favor and against The Stadium LLC and Sali Zeciri, for:

(1)      injunctive relief as provided by statute to prevent "WILD RAM GRILL & PUB" from opening under the deceptive trade name "WILD RAM GRILL & PUB";

(2)      costs, expenses and reasonable attorneys' fees as provided by statute for bringing this action.

## COUNT V

## VIOLATION OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

79. Ram and Schaumburg 95 re-allege paragraphs 1-41, and 73-77 as this paragraph 79, as if set forth in full, and incorporates paragraphs 1-41 and 73-77 by this reference.

80. Stadium's trade name "WILD RAM GRILL & PUB"  uses the word "RAM " for a business that will provide restaurant and bar services in Northern Illinois.

81.  Stadium's trade name "WILD RAM GRILL & PUB" is deceptively similar to Ram's RAM Restaurant & Brewery®, which has been operating restaurants that serve food and provide bar services for more than seventeen years.

16

82. Under Section 2 of the Illinois Consumer Fraud and Deceptive Business Practices Act (the "Consumer Fraud Act"), Defendants' naming the restaurant and bar, "WILD RAM GRILL & PUB" is an unlawful deceptive practice and creates an unfair method of competition because it misleads the public into thinking that there is an association between RAM Restaurant & Brewery® and other RAM restaurants, and "WILD RAM GRILL & PUB", which there is not.

83. Section 2 of the IUDTPA prohibits this deception.

84. Unlawful acts under the Consumer Fraud Act include those practices that are described in Section 2 the IUDTPA.

85. Defendants' use of the trade name "WILD RAM GRILL & PUB" for restaurant and bar services violates the Consumer Fraud Act.

86. Section 10(a) of the Consumer Fraud Act provides for the recovery of damages and any relief the Court deems proper.

Wherefore, Ram Restaurant International I, L.L.C. and Schaumburg 95, L.L.C. pray for judgment in their favor and against The Stadium LLC and Sali Zeciri, for:

(1) damages under Section 10(a);

(2) attorneys' fees as provided by statute; and

(3) all other relief the Court deems proper under the circumstances.

## COUNT VI

## VIOLATION OF COMMON LAW RIGHTS

87. Ram and Schaumburg 95 re-allege paragraphs 1-52, 58-61, 65-69, 73-77 and 80-81 as this paragraph 87, as if set forth in full, and incorporates paragraphs 1-52, 58-61, 65-69, 73-77 and 80-81 by this reference.

17

88. Ram and Schaumburg 95, through their extensive and continuous use of the service marks that included RAM, and later, the service mark RAM Restaurant & Brewery and RAM Restaurant & Brewhousehave developed common law rights in the various RAM service marks, that have since been registered both with the state of Illinois and the United States Patent and Trademark Office.

89. Defendants' adoption of, use on its website and impending opening of their restaurant the "WILD RAM Grill & Pub" in Aurora, IL is violation of plaintiffs' common law rights.

90. Defendants' adoption of, use on its website and impending opening of their restaurant the "WILD RAM Grill & Pub" in Aurora, IL will cause the goodwill plaintiffs have developed, the customer base it has established and the reputation it has earned to be associated with defendants, when no such association exists.

91. Plaintiffs' service marks, registered and unregistered, may become diluted and less valuable as a result of defendants' violation of plaintiffs' common law rights.

Wherefore, Ram Restaurant International I, L.L.C. and Schaumburg 95, L.L.C. pray for judgment in their favor and against The Stadium LLC and Sali Zeciri, for:

(1) damages it has and will sustain; and

(2) all other relief the Court deems proper under the circumstances.

Marty J. Schwartz 3124462  
Tyler Manic  
SCHAIN BANKS  
Three First National Plaza  
Suite 5300  
Chicago, IL 60602  
Telephone (312) 345-5700  
Fax (312) 345-5701  
Email mschwartz@schainbanks.com

Marc N. Blumenthal 6193790  
Law Office of Marc N. Blumenthal  
20 South Clark Street, Suite 500  
Chicago, Illinois 60603  
Telephone (312) 372-7075  
Fax (312) 372-7076  
Email mnblawyer@gmail.com

RAM INTERNATION I, L.L.C. and  
SCHAUMBURG 95 L.L.C.,


_____/s/ Tyler Manic_____  
One of Plaintiffs' Attorneys

## VERIFICATION

I, TIMOTHY L. BUNCH, being first duly sworn on oath, deposes and states as follows:

1. I am the General Counsel for plaintiff Ram International I, L.L.C., and its affiliated companies;

2. I am authorized to make this Verification on behalf Ram International I, L.L.C. and Schaumburg 95, L.L.C., one of its affiliated companies; and

3. I have read the allegations of this Verified Complaint for Injunctive Relief and find that the facts stated therein are true and correct, except as to those matters alleged on information and belief, which, to the best of my knowledge, information and belief, are true and correct.

Under 28 USC §1746, I declare under penalty of perjury that the foregoing is true and correct.

Timothy L. Bunch

20

# Exhibit

1

Int. Cl.: 43

Prior U.S. Cls.: 100 and 101

## United States Patent and Trademark Office

Reg. No. 2,906,626
Registered Nov. 30, 2004

### SERVICE MARK
### PRINCIPAL REGISTER



RAM INTERNATIONAL I, LLC (WASHINGTON LTD LIAB CO)
P.O. BOX 99010
10013 59TH AVENUE S.W.
LAKEWOOD, WA 98499

FOR: RESTAURANT SERVICES; BAR SERVICES, IN CLASS 43 (U.S. CLS. 100 AND 101).

FIRST USE 9-30-2000; IN COMMERCE 9-30-2000.

OWNER OF U.S. REG. NO. 2,802,831.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "RESTAURANT & BREWERY", APART FROM THE MARK AS SHOWN.

THE COLOR(S) GOLD IS/ARE CLAIMED AS A FEATURE OF THE MARK.

THE WORD RAM IS IN THE COLOR GOLD.

THE MARK CONSISTS OF THE WORDS RAM RESTAURANT & BREWERY IN STYLIZED LETTERING.

SER. NO. 78-319,249, FILED 10-27-2003.

ANDREA K. NADELMAN, EXAMINING ATTORNEY



EXHIBIT



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

# Trademarks > **Trademark Electronic Search System (TESS)**

*TESS was last updated on Tue Nov 17 03:20:54 EST 2015*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST |
| NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

Logout | Please logout when you are done to release system resources allocated for you.

Start | List At: [_____] OR Jump | to record: [_____] **Record 1 out of 4**

TSDR | ASSIGN Status | TTAB Status | *( Use the "Back" button of the Internet Browser to return to TESS)*



| | |
|---|---|
| **Word Mark** | **RAM RESTAURANT** & BREWERY |
| **Goods and Services** | IC 043. US 100 101. G & S: Restaurant services; bar services. FIRST USE: 20000930. FIRST USE IN COMMERCE: 20000930 |
| **Mark Drawing Code** | (5) WORDS, LETTERS, AND/OR NUMBERS IN STYLIZED FORM |
| **Serial Number** | 78319249 |
| **Filing Date** | October 27, 2003 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | September 7, 2004 |
| **Registration Number** | 2906626 |
| **Registration Date** | November 30, 2004 |
| **Owner** | (REGISTRANT) Ram International I, LLC LIMITED LIABILITY COMPANY WASHINGTON 10013 59th Ave SW Lakewood WASHINGTON 98499 |
| **Attorney of Record** | Timothy L. Bunch |
| **Prior Registrations** | 2802831 |
| **Disclaimer** | NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "RESTAURANT & BREWERY" APART |

FROM THE MARK AS SHOWN

**Description of Mark**   The color(s) gold is/are claimed as a feature of the mark. The word RAM is in the color gold. The mark consists of the words RAM RESTAURANT & BREWERY in stylized lettering.

**Type of Mark**   SERVICE MARK

**Register**   PRINCIPAL

**Affidavit Text**   SECT 8 (6-YR). SECTION 8(10-YR) 20140130.

**Renewal**   1ST RENEWAL 20140130

**Live/Dead Indicator**   LIVE

TESS HOME   NEW USER   STRUCTURED   FREE FORM   BROWSE DICT   SEARCH OG   TOP   HELP   PREV LIST   CURR LIST

NEXT LIST   FIRST DOC   PREV DOC   NEXT DOC   LAST DOC

|.HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY

# Exhibit

2





JESSE WHITE
SECRETARY OF STATE

## Trademark / Service Mark Detail Report

| Name of the Mark | RAM RESTAURANT & BREWERY | Registration Number | 086080 |
|---|---|---|---|
| Type of Mark | SERVICE | Class | 042 |
| Date of Registration | 09/20/2000 | Expiration Date | 09/20/2020 |
| First Use Any Where | 09/15/1995 | First Use In Illinois | 09/21/1998 |
| Description of Goods/Services | RESTAURANT & BREWERY | | |
| Name of Registrant | SCHAUMBURG 95, L.L.C. | Registrant Address | PO BOX 98768 LAKEWOOD, WA 98496 |
| Registrant Type | LIMITED LIABILITY COMPANY | Registrant State | WA |

Return to the Search Screen

BACK TO CYBERDRIVEILLINOIS.COM HOME PAGE



EXHIBIT

2

# Exhibit

3



**RAM**
**INTERNATIONAL**
PO Box 98768 • Lakewood, WA 98496
Tel: (253) 588-1788 • Fax: (253) 588-0713
*www.theram.com*

*Via E-Mail (info@wildramgrillpub.com) and*
*Overnight Mail*

August 21, 2015

Wild Ram Grill & Pub
1555 Butterfield Rd.
Aurora, IL 60502

Attn: Owner

Re: Wild Ram Grill & Pub
**CEASE AND DESIST**

Dear Owner:

I am in-house legal counsel for Ram International and its affiliated companies to include the Ram Restaurant Company and Big Horn Brewing Company.

It has recently come to our attention that you have or are about to open for business as "Wild Ram Grill & Pub." We have reviewed your website and have notice the signage located near or at 1555 Butterfield Rd. in Aurora, IL.

Please be advised that we have registered the mark "Ram Restaurant" and "Big Horn" with both the state of Illinois and with the United States' Patent and Trademark Office. As a result, we have the exclusive right to these marks in the state of Illinois and throughout the United States. A simple search of the records of the office of the Illinois Secretary of State and/or the USPTO would have disclosed this fact to you. We have also conducted business under the name Ram Restaurant and Big Horn Brewery and variations thereof for approximately 15 years in the state of Illinois.

This letter will serve as our demand that you immediately cease and desist from use of the name "Ram" and any variation thereof to include, obviously, "Wild Ram" in connection with the restaurant and bar business. We believe that the name Wild Ram, particularly given your use of the Ram's head in conjunction therewith, is deceptively similar to Ram Restaurant and/or Ram Restaurant and Big Horn Brewery and, consequently, will cause the public to believe that there is some association between our

*A Restaurant Company Established 1971*



EXHIBIT
3

Wild Ram Grill & Pub
August 21, 2015
Page 2 of 2

restaurant companies. We have already received a couple of inquiries about our "new" location in Aurora, Il and more recently our corporate office received a phone call alerting us to the fact that someone was using our name. I also take note that a simple Google search for "Wild Ram" yields the Ram Restaurant as the first few hits.

If you continue to use the mark, we will have no choice but to pursue any and all legal remedies available to us. In any such action, we will explore the fact that your use of the "Ram" was willful and deliberate given the circumstances to include without limitation the fact that we believe that there will be strong evidence to suggest that you knew of our use of the Ram mark and our legal rights to it prior to your selection of the name "Wild Ram" for your business (and its use in conjunction with the Ram's head logo).

We are willing to cooperate with you at this time to permit you to transition to another name. We believe that you can do so at relatively little expense given that you have not yet opened to the public. Please contact me by September 4, 2015 in this regard. You should also be advised that we may be less inclined to cooperate with you in the future, particularly if we are forced to incur the cost of employing local counsel to pursue a claim against you.

If you do not contact me by the above date, we will have no choice but to file a lawsuit to obtain an injunction to prevent your continued use of the Ram mark and to obtain monetary damages for your prior use of said mark. We also believe that the evidence will show that you have willfully and deliberately infringed upon our right to the Ram mark, which would necessarily entitle us to an award of attorney's fees and court costs.

Very truly yours,

Ram International I, L.L.C.

Timothy L. Bunch

c:    David Iverson
      Jeffery Iverson, Jr.

95/wildram.1

# Exhibit

4

**Marc Blumenthal <mnblawyer@gmail.com>**

Sep 25

to Sal, bcc: Tim

Hi Sal:

Since I sent you the email telling you that the dba chosen for the Department of Revenue purposes was not going to have a bearing on the trademark issue that has been brought to your attention, I have not heard anything from you. If you keep the name, my client will move to stop you from using it. I have made this clear both in my earlier emails and on the phone. I don't think this is a prudent way for either of us to spend our funds. However, I cannot make that choice for you. Also, there are a number of ways that you can change the mark and still keep the word WILD in the name. We just want you to remove RAM. You can check with your attorney or just conduct your own search. This is not a matter of a bad review on the Internet affecting either restaurant, as you indicated to me; it is confusion and trademark infringement for a mark that has been used for 15 years. Just coming into the picture in late 2015 affords you **no rights** over my client. My client is the party with the rights here, both on the federal and the state level. Please notify me as to what you plan to do, so I may act accordingly. My telephone number is 312 641-0616.

Thanks for your time.



# Exhibit

5

# LAW OFFICE OF MARC N. BLUMENTHAL

**20 S. CLARK STREET**
**SUITE 500**
**CHICAGO, ILLINOIS 60603**

TELEPHONE (312) 641-0616
FAX (312) 372-7076
Website blumenthalfranchiselaw.com

Email mnblawyer@gmail.com

October 6, 2015

Mr. Sal Zeciri
Managing Member
The Stadium, LLC
954 Walnut Drive
Sugar Grove, IL 60554

Via Email and U.S. Mail

### FINAL WRITTEN NOTIFICATION

Re: The Wild Ram Grill & Pub

Dear Mr. Zeciri:

As a follow-up to our discussions and email, and the correspondence with Tim Bunch, Esq., General Counsel for Ram International, I am writing to place you on notice that my client Schaumburg 95, L.L.C. d/b/a Ram Restaurant and Brewery takes the position that your use of the name "Wild Ram Grill & Pub" infringes on its use of the federally registered service mark "Ram Restaurant & Brewery" and uses a ram in its logo similar to federally registered service mark:



®     **FEDERAL REGISTRATION NO. 2802831**

To state the obvious, you have not used the name yet in interstate commerce, and have not opened the restaurant in Aurora for business. My client began to use the service mark "Ram Restaurant & Brewery" in the state of Illinois in 2000, more than fifteen years ago, and received a federal registration in 2004. It has used that name in other states since 1971. The federal registration grants it protection from the type of use in which your business plans to be engaged. My client has grown its restaurant chain to twenty one restaurants, located in five states, including 3 in the northwest suburbs of Chicago. My client has spent a large sum of money in its advertising program, and the exposure it has received is very important to maintaining its image, and running a successful business. There have already been customers that have been confused; calling my client's location to comment that they did not know my client was opening another restaurant in Aurora. This creates a likelihood that there are more consumers that will mistake your new business for my client's expansion; and may choose to try it because they think it is my client's restaurant. My client has a duty to protect its mark, and it cannot idly stand by while you operate under a name that co-opts my clients mark, in the same geographic area, and with a

**EXHIBIT**

**5**

**LAW OFFICE OF MARC N. BLUMENTHAL**

business that resemble my client's business. If you applied for a service mark registration, you would have to apply in the same class as my client. I feel confident that such an application would be rejected and my client's registration would be cited against you.

  ®    **FEDERAL REGISTRATION NO. 2906626**

In viewing the above two marks, one registered, one not in use yet, it becomes obvious that you even copied my client's font. In the past month, I have tried to impress on you the urgency of this legal issue. I pointed out that you did not have an assumed name filed with the Secretary of State, and, even if you did, it does not provide a shield from my client's federal registration. After showing you that you did not have an official assumed name, you paid the fee and arranged for the assumed name in conjunction with your limited liability company. Since there are few cross references in the Illinois, I fully expected that the assumed name would be allowed, if you applied for it. It does not make your position stronger. In fact, my client has further protection in Illinois, as it registered its service mark in Illinois, as well as federally. It was registered in Illinois in September 2000, claiming a first use 20 years ago. See attached.

The argument you have made to me that your name is different because you have added the word "WILD" in front of the word "RAM" is weak. As I have explained to you, in trying to amicably resolve this, the dominant portion of both is the word "RAM". You have simply placed a word in front of the word "RAM" which will not buy you protection. In a very similar case, one school placed the name "ROBERT" before the name "ROSS". The first mark "ROSS" filed to enjoin the second mark "ROBERT ROSS" and prevailed. This is a similar case to "RAM" and "WILD RAM." There are a number of points of similarity. First, the use of a predecessor word. Second, the marks had two lines of text, similar to "RAM" and "WILD RAM", but the second line of text was much similar, again similar to your mark and my client's mark. Also, the services were close, whereas, our services are identical. The name of this case is *DEVRY INC. and Global Education International Inc. v. INTERNATIONAL UNIVERSITY OF NURSING d/b/a Robert Ross International University of Nursing.* 638 F. Supp. 2d 902 (N.D. IL 2009). There are many cases that have decided the dominant portion of a mark is the part that matters.

Should you decide not to change your name after receiving this letter, my client will claim likelihood of confusion, and prove it by showing actual confusion has already occurred.

The test of trademark infringement under the Lanham Trade-Mark Act (15 U.S.C.A. § 1114(1)(1982)) and in Illinois is likelihood of confusion. (*James Burrough Ltd. v. Sign of Beefeater, Inc.* 540 F.2d 266 (7th Cir.1976),

**LAW OFFICE OF MARC N. BLUMENTHAL**

...For purposes of likelihood of confusion analysis in a trademark infringement action, it is irrelevant whether consumer's initial confusion is brief or that the confusion is eventually cured if the trademark infringement has already occurred. Lanham Trade–Mark Act, § 1 et seq., 15 U.S.C.A. § 1051 et. seq...

In one case in this circuit, the Court found that "[O]ne instance of actual confusion has been deemed sufficient to weigh in favor of finding a likelihood of confusion." *CAE, Inc. v. Clean Air Engineering, Inc.*, 267 F. 3d 660, 686 (7th Cir. 2007). I believe my client already has more than one.

Sal, my client has built this service mark by using it for more than 15 years; by opening three restaurants and through customer approval. Your use of the same mark, with one word in front of it, does not buy you any credibility in this arena. The test of infringement will be decided in my client's favor, based on among other factors, time used, similarity of mark, prior registration and the same if not identical services. Moreover, my client will take the position that you knew it existed, as its restaurants are practically in your own market. This will make my client's case much stronger.

This letter reiterates that my client takes the position that your use of the "WILD RAM" name for your business is a blatant trademark infringement for which the Lanham Act provides my client remedies such as damages, disgorgement of your profits, attorneys fees' and injunctive relief.

"§1114. Remedies; infringement; innocent infringement by printers and publishers

(1) Any person who shall, without the consent of the registrant—
(a) use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive; or..."

shall be liable in a civil action by the registrant for the remedies hereinafter provided. Under subsection (b) hereof, the registrant shall not be entitled to recover profits or damages unless the acts have been committed with knowledge that such imitation is intended to be used to cause confusion, or to cause mistake, or to deceive."

This letter is the third official written demand to cease and desist the use of your business trade name and assumed name, and to file with the Illinois Secretary of State a change of assumed name to a name that does not use the word "RAM".

There will no further written notices. If you fail to comply with this request, my client has instructed me to take legal action to seek to enjoin you by asking the Court for a Temporary Restraining Order and a Preliminary and Permanent Injunction, for trademark infringement and unfair competition.

3

**LAW OFFICE OF MARC N. BLUMENTHAL**

Provided your company agrees to comply, it is my understanding that no further action will be taken, and, after proof is delivered to me that you have complied with the request in this letter, this file will be closed.

We appreciate your full cooperation in complying with the terms of this letter, and trust no further correspondence will be necessary. I would like written confirmation on or before October 20, 2015 that your company has changed its business name to remove "RAM" from any part of it, and will not advertise or do any business using that name or other similar trade name.

Thank you for your immediate time and attention to this matter.

Very truly yours,

Marc N. Blumenthal

Schaumburg 95, L.L.C.

4



WWW.CYBERDRIVEILLINOIS.COM

JESSE WHITE
SECRETARY OF STATE

## Trademark / Service Mark Detail Report

| | | | |
|---|---|---|---|
| **Name of the Mark** | RAM RESTAURANT & BREWERY | **Registration Number** | 086080 |
| **Type of Mark** | SERVICE | **Class** | 042 |
| **Date of Registration** | 09/20/2000 | **Expiration Date** | 09/20/2020 |
| **First Use Any Where** | 09/15/1995 | **First Use In Illinois** | 09/21/1998 |
| **Description of Goods/Services** | RESTAURANT & BREWERY | | |
| **Name of Registrant** | SCHAUMBURG 95, L.L.C. | **Registrant Address** | PO BOX 98768 LAKEWOOD, WA 98496 |
| **Registrant Type** | LIMITED LIABILITY COMPANY | **Registrant State** | WA |

Return to the Search Screen

BACK TO CYBERDRIVEILLINOIS.COM HOME PAGE

# Exhibit

# 6

English          Customer Service          USPS Mobile                              Register / Sign In



# USPS Tracking®


**Customer Service ›**
Have questions? We're here to help.


**Get Easy Tracking Updates ›**
Sign up for My USPS.

**Tracking Number:** 9505511911285280166153

## Product & Tracking Information

| Postal Product: | Features: | | |
|---|---|---|---|
| Priority Mail 1-Day™ | Insured | USPS Tracking™ | |

**Available Actions**

Text Updates

Email Updates

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| October 13, 2015 , 2:13 pm | Delivered, In/At Mailbox | SUGAR GROVE, IL 60554 |

Your item was delivered in or at the mailbox at 2:13 pm on October 1...

| October 10, 2015 , 4:06 pm | Undeliverable as Addressed | SUGAR GROVE, IL 60554 |
| October 10, 2015 , 8:32 am | Out for Delivery | SUGAR GROVE, IL 60554 |
| October 10, 2015 , 8:22 am | Sorting Complete | SUGAR GROVE, IL 60554 |
| October 10, 2015 , 7:23 am | Arrived at Post Office | YORKVILLE, IL 60560 |
| October 10, 2015 , 3:54 am | Arrived at USPS Facility | CHICAGO 2CMETRO |
| October 7, 2015 , 6:07 pm | Departed Post Office | CHICAGO, IL 60604 |
| October 7, 2015 , 3:28 pm | Acceptance | CHICAGO, IL 60604 |

## Track Another Package

**Tracking (or receipt) number**

[                                                    ]          Track It

## Manage Incoming Packages

Track all your packages from a dashboard
No tracking numbers necessary



Sign up for My USPS ›

---

**EXHIBIT**

6